KELLER, J., DISSENTING:
I respectfully dissent from the majority opinion. The majority here holds that, because Bingham's counterclaim was compulsory under Kentucky Rule of Civil Procedure (CR) 13.01, it was thus justiciable. The majority also states that Lawrence's legal malpractice claim against Bingham called into question the validity of the promissory note, thereby also creating a justiciable claim on Bingham's part. However, because I do not find either of these holdings persuasive, I must respectfully dissent.
*132 As the majority notes, ripeness is a jurisdictional requirement to create a justiciable claim in the courts. For subject matter jurisdiction to vest in a court, the claim must be a justiciable one. Thus, if the claim was not ripe, it was not justiciable, and the Kenton Circuit Court lacked the jurisdiction to adjudicate Bingham's counterclaim. Additionally, the majority also recognizes that an action seeking enforcement of a note, payable on a date certain in the future, is not generally ripe for determination-the claim is not justiciable.
Yet, despite these rather uncontroversial legal principles, the majority still finds that Bingham's counterclaim was somehow excepted from these principles by reason of (1) CR 13.01 and (2) the factual disputes raised in Lawrence's complaint. The majority briefly mentions CR 13.01 but I must delve further into the language of the rule. Under CR 13.01, a party "shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." (emphasis added). The plain language of CR 13.01 requires that a compulsory counterclaim be one that the party has at the time of the pleading. If Bingham had filed its own complaint, seeking enforcement of a promissory note that was not due yet, it would clearly be unripe. Simply because Bingham had been sued based on the same set of facts does not make this counterclaim compulsory. It must still be justiciable and meet the requirements of CR 13.01 to be considered "compulsory." A claim must be justiciable to be compulsory; being "compulsory" does not, ipso facto, make the claim justiciable. The claim was not yet ripe; it was not one that Bingham had "at the time of pleading." As such, it cannot be considered a compulsory counterclaim.
The majority also argues that the facts Lawrence pleaded in his complaint made Bingham's note somehow enforceable before the due date. "Lawrence, by his complaint, thereby placed the question of enforceability of the note in play since a judgment in Lawrence's favor would have undoubtedly resulted in cancellation of the note." From my reading of the majority opinion, the Court has created an exception to ripeness in a justiciability analysis. If the claim is unripe, but the plaintiff has brought a claim out of the same circumstances, then ripeness no longer matters. The claim is thereby justiciable. Such a holding obliterates decades of well-established and respected law on justiciability and ripeness. Ripeness is always a requirement of justiciability. It cannot be waived. It cannot be simply ignored. Thus, we should not create an exception to the rule.
The majority states: "In other words, the enforceability of the note was ripe for determination as of August 1, 2013, notwithstanding that it may not have been due until December 31, 2013." I may be able to agree with this statement had Bingham merely instituted a declaratory action, requesting a / determination of the enforceability of the note. But, Bingham did not request an opinion on enforceability, it requested enforcement. Bingham did not want to know if the note would ultimately be collected upon but wanted a collection, based upon the evidence of the note. I am loath to be repetitive, but I must state again: the promissory note had not matured and thus, Bingham's claim was not ripe. It had no justiciable claim at the time of pleading.
Bingham argues that its counterclaim was not solely based upon this promissory note with its future maturity date but was *133 seeking payment of all the legal fees Lawrence had already incurred. Because those legal fees were due upon invoice, the claim was ripe. However, as the Court of Appeals aptly noted, "Lawrence does appear to have incurred legal fees prior to the Note's maturation, however, the Note expressly subsumed all of those prior due legal fees into one Note that was not due until December 31, 2013." Thus, from the face of the note, there was no cause of action that had accrued at the time Bingham filed its counterclaim.
I must also note that the Kenton Circuit Court dismissed Bingham's claim without prejudice. Bingham had a legitimate avenue for relief: bring its claim again after the note had matured. It is bewildering why Bingham chose to begin a lengthy appeal process rather than simply reinstating its claim, especially given the fact that the note had matured by the time the original counterclaim was dismissed without prejudice. The Kenton Circuit Court made no factual findings barring Bingham's bringing a complaint; the claim was dismissed without prejudice on the sole grounds of lack of ripeness. In fact, because the statute of limitations for contractual claims is ten years pursuant to KRS 413.160, it would seem Bingham still has this recourse.
I hesitate to make much ado about nothing. As I previously stated, by the end of this particular case in the circuit court, the note had matured. It is tempting to simply say that the initial un-ripeness does not matter. However, justiciability is not an analysis in which we can undertake harmless error review or take similar sidesteps to avoid the harshness of lack of subject matter jurisdiction. It is plain and simple: courts only have subject matter jurisdiction over justiciable claims. Justiciable claims must be ripe at the time of filing. Bingham's claim was not. Therefore, I would affirm the Kenton Circuit Court and the Court of Appeals.